R. CHRISTOPHER READE, ESQ.
Arizona Bar No. 026091
CORY READE DOWS AND SHAFER
1333 North Buffalo Drive, Suite 210
Las Vegas, Nevada 89128
Telephone: (702) 794-4411
Facsimile: (702) 794-4421
cread@crdslaw.com
Attorneys for Plaintiffs GRACE TAM and HALL TAM

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>ROBERT CLYDE PORTER II,<br><br>                Debtor.<br>_____<br>HALL TAM; GRACE TAM,<br><br>                Plaintiffs,<br><br>   v.<br><br>ROBERT CLYDE PORTER II,<br><br>                Defendants.<br>_____ | Case No. : 3:24-bk-05790-DPC<br>Chapter 13<br><br>Adv. Case No. 3:24-ap-00244-DPC<br><br>**MOTION FOR COURT TO RETAIN JURISDICTION** |

COMES NOW Plaintiffs HALL TAM and GRACE TAM, by and through their attorneys of record R. Christopher Reade, Esq. and hereby moves this Court for this Court to Retain Jurisdiction of this matter due to the fact that Debtor ROBERT CLYDE PORTER II has filed a new bankruptcy action which causes the same questions and issues to be before this Court.

1. Plaintiffs' claims arises out of a series of fraudulent real estate transactions which Debtor committed in the State of Nevada.

2. Plaintiffs obtained a Judgment against Debtor from the Eighth Judicial District Court for the State of Nevada based upon Defendants' illegal and nondischargeable acts on January 26th, 2009 as against Defendants and each of them and found Defendants to have

committed fraudulent and oppressive acts as against Plaintiffs. The original Judgment was entered in the sum of $1,311,860.67.

3. On February 19, 2010, Debtor filed a Chapter 7 Bankruptcy before this Court as Case 2:10-bk-04269-RTBP.

4. On May 25th, 2010, Creditor filed their Complaint to Determine the Non-Dischargability of the Debts owed by Debtor to Creditor pursuant to 11 U.S.C. §§ 523(a)(2), 523(a)(4) and 523(a)(6) in Case 2:10-AP-00917-RTBP.

5. On February 5th, 2013, after a trial on the issues, judgment was entered in favor of Creditor and against Debtor in Case 2:10-AP-00917-RTBP determining that the debts owed by Debtor to Creditor arising out of the fraud judgment were and are non-dischargeable pursuant to 11 U.S.C. § 523(a)(2).

6. The nondischargable judgment is lien against any and all real property owned or acquired by Debtor including but not limited to the real property commonly known as 75 Elysian Drive, Sedona, Arizona 86336 (the "Subject Property").

7. Debtor PORTER filed a Chapter 13 Petition before this Court as Case 3:15-bk-13485-DPC on October 21, 2015 which was dismissed by this Court on October 30, 2015 for Debtor's failure to properly file his list of creditors; Plaintiffs were not noticed of that bankruptcy.

8. Debtor PORTER filed a Chapter 13 Petition before this Court as Case 3:18-bk-03682-DPC on April 9, 2018 which was dismissed by this Court on May 8th, 2019 for failure to comply with the credit counseling requirements of this Court and failure to file a plan; Plaintiffs were not noticed of that bankruptcy.

9. After Debtor succeeded in having the dismissal in Case 3:18-bk-03682-DPC set aside, this Court again dismissed Case 3:18-bk-03682-DPC upon Trustee's Motion for failure of Debtor PORTER to participate in the Meeting of Creditors.

10. Debtor PORTER filed a Chapter 13 Petition before this Court as 3:19-bk-01680-DPC on February 15, 2019 which was dismissed on February 27, 2019 for failure to properly file a List of Creditors; Plaintiffs were not noticed of that bankruptcy.

11. Debtor PORTER filed a Chapter 13 Petition before this Court as 3:24-bk-05780-DPC on July 17, 2024 which was dismissed on July 26, 2024 for failure to properly file a List of Creditors.

12. After Debtor succeeded in having the dismissal in Case 3:24-bk-05780-DPC set aside, Plaintiffs brought the instant Adversary Complaint under Case 3:24-bk-05780-DPC on November 12, 2024 out of an abundance of caution to ensure that the nondischargability of the debt remained of record.

13. This Court again dismissed Case 3:24-bk-05780-DPC on December 4, 2024 due to Debtor failing to make interim Plan payments and failing to provide tax returns as ordered by the Court.

14. Plaintiffs understand that there is a presumption that with the dismissal of Case 3:24-bk-05780-DPC that the adversary actions related thereto could also be dismissed.

15. Nonetheless on December 12, 2024, Debtor filed a new Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of Arizona, Prescott Division, and was assigned case number 3:24-bk-10617-DPC. This was Debtor's second Chapter 13 bankruptcy filing in 2024, fourth filing in seven years and fifth filing in less than ten years. Case 3:24-bk-10617-DPC is pending before the same court with the same trustee as Case 3:24-bk-05780-DPC.

16. Because the same issues of dischargabililty of the debts would otherwise necessarily be re-filed in Case 3:24-bk-10617-DPC, Plaintiffs believe that this Court should simply retain jurisdiction of this matter for purposes of comity and judicial economy.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

# ARGUMENT

## I. THIS COURT HAS THE AUTHORITY TO RETAIN JURISDICTION OVER THIS MATTER FOR PRINCIPLES OF JUDICIAL ECONOMY.

This Court has the authority to retain jurisdiction over this adversary proceeding even though Case 3:24-bk-05780-DPC. This is a unique situation where the Debtor has caused multiple bankruptcies to appear consecutively before the same Court. Dismissal of a bankruptcy case has several ramifications as set out in Bankruptcy Code Section 349. "The bankruptcy court may retain jurisdiction over a related proceeding subject to considerations of judicial economy, fairness, convenience and comity. Linkway Inv. Co. v. Olsen (In re Casamont Inv'rs), 196 B.R. 517, 522-23 (B.A.P. 9th Cir. 1996) c*iting* In re Carraher, 971 F.2d 327, 328 (9th Cir. 1992).

In Carraher, debtors were plaintiffs in a state court fraud action that was removed to the bankruptcy court. The court dismissed the bankruptcy case but retained jurisdiction over the fraud action. Id. at 327. Having determined that res judicata clearly barred the debtors' claims, the court of appeals noted that it was neither less efficient nor less convenient for the bankruptcy court to resolve the issue. Id. at 328. Fairness also weighed in favor of retention since the related proceeding had been pending in the bankruptcy court for six years. Id. Finally, comity did not require remand as the decision given preclusive effect was that of another bankruptcy court. Id. This Action involves enforcement of a fraud judgment from Nevada state court which has already been determined to be nondischargeable by this Court in a prior bankruptcy filed by Debtor. Issue Preclusion and claim preclusion principals would otherwise have made summary judgment applicable in which this Court could and should simply enter judgment.

### 1. Judicial Economy

The Ninth Circuit in Carraher noted that "res judicata clearly barred the Carrahers' eight fraud claims. It was certainly no less efficient and convenient for the bankruptcy court to resolve this issue than to send it to the state courts." Id, 971 F.2d at 328. Judicial economy is even more pronounced in this Action as this Court can efficiently and conveniently retain jurisdiction and

enforce the previous decision rather than dismissing this Action, requiring Plaintiffs to file a new, identical adversary complaint, force Plaintiffs to incur additional filing fees to have the Court open a new adversary matter under Case 3:24-bk-10617-DPC only for the Court to once again dismiss that matter and have Debtor re-file yet again. Debtor is the only party adversely impacting judicial economy in having a decision rendered.

### 2. Fairness and Convenience

Fairness also weighs in favor of this Court retaining jurisdiction. As noted, Debtor has continuously filed new petitions only to have them fail. The issue of enforcement of the non-dischargeability judgment is firmly before this Court again in Case 3:24-bk-10617-DPC. Debtor is in the same court with the same issues pending on the same claims. Debtor is the party who caused the dismissal of Case 3:24-bk-05780-DPC, who refiled the exact same claims in Case 3:24-bk-10617-DPC and who would be required to litigate and/or defend the exact same issues in the same court. Conversely it would be fundamentally unfair to Plaintiffs to make them incur additional fees and costs just because Debtor continues to have his bankruptcies dismissed. *See* Id. at 328 (fundamentally unfair to the non-debtor parties "to delay matters further by remanding these claims to state court when the bankruptcy court could easily dispose of them"). This court can easily dispose of the issue and determine that the issue shall apply to all future bankruptcies which Debtor may file). Just because Debtor continues to start over after dismissal does not mean that it is either fair or convenient to require Plaintiffs and/or this Court to continuously start over on the issuance of a relatively straightforward decision.

### 3. Comity

The Ninth Circuit in Carraher succinctly held that "the decision given res judicata effect was that of another bankruptcy court; the state court's interest in passing on the preclusive effect of a federal court judgment was small." Id. This case involves giving res judicata effect to a judgment of another jurist of this same court as against the same debtor on the same issue. Plaintiffs brought this action out of an abundance of caution to ensure that Debtor did not and d could not assert that the debt owed to Plaintiffs was and is anything other than determined, final,

on the merits and applicable. Comity is best served by this Court retaining jurisdiction over this matter and rendering a Judgment as such.

## **CONCLUSION**

Based upon the foregoing facts and evidence, Plaintiffs HALL TAM and GRACE TAM respectfully request that this Court retain jurisdiction over this matter and enter Judgment in this matter determining that the nondischargabiity of Debtor'sdebts to Plaintiffs remains inviolate regardless of how many bankruptcies Debtor may file.

Dated this 13th day of February, 2025.

CORY READE DOWS AND SHAFER

By: /s/ R. Christopher Reade
R. CHRISTOPHER READE, ESQ.
Arizona Bar No. 026091
1333 North Buffalo Drive, Suite 210
Las Vegas, Nevada 89128
Telephone: (702) 794-4411
Facsimile: (702) 794-4421
creade@crdslaw.com
Attorneys for Plaintiffs

R. CHRISTOPHER READE, ESQ.
Arizona Bar No. 026091
CORY READE DOWS AND SHAFER
1333 North Buffalo Drive, Suite 210
Las Vegas, Nevada 89128
Telephone: (702) 794-4411
Facsimile: (702) 794-4421
creade@crdslaw.com
Counsel for Plaintiff

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>ROBERT CLYDE PORTER II,<br>    Debtor.<br><br>HALL TAM; GRACE TAM,<br>    Plaintiffs,<br> v.<br>ROBERT CLYDE PORTER II,<br>    Defendants. | Case No.: 3:24-bk-05790-DPC<br>Chapter 13<br><br>Adv. Case No. 3:24-ap-00244-DPC<br><br>**CERTIFICATE OF SERVICE** |

  I, Joanne Miller, declare that I am employed by the law firm of Cory Reade Dows & Shafer, in the County of Clark State of Nevada. My business address is 1333 North Buffalo Drive, Suite 210, Las Vegas, Nevada 89128. I am over the age of 18 years and not a party to this cause.

  On March 8, 2025, I caused the **MOTION TO RETAIN JURISDICTON** in said cause by electronic means through the court's CM/ECF system or by placing true and correct copies thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail at Las Vegas, Nevada, addressed as follows:

Robert Clyde Porter, II  
75 Elysian Drive  
Sedona, AZ 86336  

Edward J. Maney  
101 North 1st Avenue Suite 1775  
Phoenix, Arizona 85003  
service@maney13trustee.com

I certify under penalty of perjury that the foregoing is true and correct.

                /s/ Joanne Miller
                An employee of Cory Reade Dows and Shafer